**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| League of Women Voters of South Carolina, *et al.*, | ) | |
| | ) | |
| Plaintiffs | ) | C.A. No. 2:20-3537-RMG |
| | ) | |
| vs. | ) | |
| | ) | |
| Marci Andino, in her official capacity as Executive Director of the South Carolina State Election Commission, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

The above captioned action challenges certain State of South Carolina statutes and procedures relating to the disqualification or rejection of absentee ballots.  Plaintiffs allege state statutes and procedures relating to absentee ballots violate the right to procedural due process and impose an undue burden on the right to vote in violation of the First and Fourteenth Amendments of the United States Constitution.  (Dkt. No. 20).   Defendants include the Executive Director and Director of Voter Services of the South Carolina State Election Commission and individual members of the State Election Commission.

Before the Court is the motion of the Speaker of the South Carolina House of Representatives, James Lucas, and the President of the South Carolina Senate, Harvey Peeler ("Proposed Intervenors"), seeking to intervene under Rule 24 of the Federal Rules of Civil Procedure either as a matter of right or permissively.  (Dkt. No. 14).  Plaintiffs oppose the motion.  (Dkt. No. 29).

1

**Legal Standards**

Rule 24 of the Federal Rules of Civil Procedure provides for intervention as of right and permissive intervention. For a party to show an entitlement to intervention as of right, it must establish: (1) timely application; (2) an interest in the subject matter of the underlying action; (3) a denial of the motion to intervene would impair or impede its ability to protect its interest; and (4) the movant's interest is not adequately represented by the existing parties in the litigation. *Houston General Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999).

Permissive intervention, which involves a wider degree of discretion by the trial court, is generally weighed on: (1) timely application; (2) whether the proposed intervenor's claims share a question of law or fact in common with the main action; and (3) whether intervention will unduly delay or prejudice adjudication of the original parties' rights. FED. R. CIV. P. 24(b). The trial court may deny intervention where it would cause "undue delay, complexity or confusion to the litigation" or would not contribute to the "just and equitable adjudication of the legal question presented." *Sec. and Exch. Comm'n. v. Everest Mgmt. Corp.*, 475 F.2d 1236, 1240 (2d Cir. 1972); *Stellar IT Solutions, Inc. v. United States Citizenship and Immigration Servs.,* 2019 WL 3430746, at *3 (D.S.C. July 30, 2019); *Sierra Club v. McCarthy*, 308 F.R.D. 9, 12 (D.D.C. 2015).

**Discussion**

Proposed Intervenors do not appear to meet the requirements for intervention as of right under Rule 24(a) because the present Defendants would not impair or impede the movants' ability to protect their interests and are adequate to protect the interests of the Proposed Intervenors. On the other hand, the Proposed Intervenors do meet the standards for permissive intervention under Rule 24(b)(1)(B) so long as their intervention would not delay the

adjudication of the litigation, including the pending motion for preliminary injunction.  (Dkt. No. 21).

The motion of Proposed Intervenors to intervene (Dkt. No. 14) is granted permissively, conditioned on compliance with the schedule previously set by the Court.  Thus, Proposed Intervenors may file a memorandum in response to the Plaintiffs' motion for preliminary injunction on or before October 16, 2020 and participate in oral argument set before the Court on October 21, 2020.

**AND IT IS SO ORDERED**.

_____
S/ Richard Mark Gergel
United States District Court

October 14, 2020
Charleston, South Carolina

3