FILED: October 29, 2020

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 20-2167
(2:20-cv-03537-RMG)
_____

LEAGUE OF WOMEN VOTERS OF SOUTH CAROLINA; THE FAMILY UNIT, INC.; GEORGE HOPKINS; ALBERTUS CLEA

    Plaintiffs - Appellees

v.

MARCI ANDINO, in her official capacity as the Executive Director of the South Carolina State Election Commission; HOWARD M. KNAPP, in his official capacity as Director of Voter Services of the South Carolina State Election Commission; JOHN WELLS, in his official capacity as Chair of the South Carolina State Election Commission; JOANNE DAY, in her official capacity as member of the South Carolina State Election Commission; CLIFFORD J. EDLER, in his official capacity as member of the South Carolina State Election Commission; LINDA MCCALL, in her official capacity as member of the South Carolina State Election Commission; SCOTT MOSELEY, in his official capacity as member of the South Carolina State Election Commission

    Defendants - Appellants

REPRESENTATIVE JAMES H. (JAY) LUCAS, in his capacity as Speaker of the South Carolina House of Representatives; SENATOR HARVEY PEELER, in his capacity as President of the South Carolina Senate

    Intervenors/Defendants - Appellants

_____

O R D E R

_____

Upon consideration of appellants' emergency motion for partial stay of injunction pending appeal and for administrative stay, the court grants a partial stay of the district court's injunction. The court stays the following language from the district court's order:

> . . . unless affected voters are provided timely notice of the disqualified ballot and a timely procedure to contest that determination before a neutral tribunal. Should any county board seek to continue conducting signature matching procedures, it must first submit to this Court for approval its proposed procedures for timely notice and an opportunity to contest any disqualification of an absentee ballot otherwise validly submitted on the basis of an alleged signature mismatch. Any validly completed absentee ballots shall be processed without the use of signature matching procedures unless the county board has first obtained approval of this Court of its procedures to provide timely notice and timely opportunity to contest a determination that the voter's signature is not genuine.

Order at 23, *League of Women Voters of S.C. v. Andino*, C.A. No. 2:20-3537-RMG (D.S.C. Oct. 27, 2020), ECF No. 72.

The parties all agree that the following language from the district court's order will remain in effect:

> [T]he Court hereby ENJOINS the State and any of its affiliate county boards from utilizing signature matching procedures to disqualify otherwise validly submitted absentee ballots[.]
>
> . . .
>
> Any validly completed absentee ballots which have not been processed

by a county board or were disqualified prior to the entry of this Order because of an alleged mismatched signature must now be reviewed and processed *de novo* in accord with this Order. Defendants are directed to promptly provide a copy of this Order to county boards and to confirm receipt.

*Id.*

This order does not express any view on the merits of the underlying appeal or any jurisdictional issues related to the order being appealed.

Entered at the direction of Judge Floyd with the concurrence of Judge King and Judge Quattlebaum.

        For the Court

        /s/ Patricia S. Connor, Clerk